IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD G. STINSON, | ) | No. C 06-3848 MMC (PR) |
| Petitioner, | ) ) | **ORDER OF DISMISSAL; ON PENDING MOTIONS** |
| v. | ) ) | |
| BOARD OF PRISON TERMS, et al., | ) ) ) | **(Docket Nos. 2, 6, 9, 17, 19, 24 & 28)** |
| Respondents. | ) ) | |

On June 20, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 25, 2006, he filed an amended petition.

In his petition, petitioner states that in February 2006, the California Board of Prison Terms revoked his parole. He states that he filed a petition for a writ of habeas corpus in the Alameda County Superior Court and the California Court of Appeal, both of which were denied. He further states that he subsequently filed a petition for review in the California Supreme Court, but the result of that decision is "unknown." (See Amended Pet. at 7; see also id. at 3.) Finally, petitioner states that at the time he filed the instant federal habeas petition, he had a petition, appeal or other post-conviction proceeding pending in the California Supreme Court. (See id. at 7.)

The exhaustion requirement applicable to federal habeas petitions is not satisfied if there is a pending post-conviction proceeding in state court. See 28 U.S.C. § 2254(b)-(c); Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). If a post-conviction challenge to a

criminal conviction is pending in state court, a potential federal habeas petitioner must await the outcome of that challenge before his state remedies are considered exhausted. See id. This rule applies irrespective of whether the issue raised in the pending state petition is included in the federal petition, for the reason that a pending state court challenge may result in a reversal of the petitioner's conviction, thereby mooting the federal petition. See id. (citations omitted).

As petitioner has a petition, appeal or other post-conviction proceeding pending in the California Supreme Court, the instant petition for a writ of habeas corpus is hereby DISMISSED, without prejudice to petitioner's refiling his claims after all state court post-conviction challenges to petitioner's conviction have been completed and all claims petitioner wishes to raise in federal court have been exhausted in accordance with 28 U.S.C. § 2254(b)-(c). See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).

In light of this dismissal, petitioner's motions for default judgment, "Motion to Vacate Violation Term Due to State and Federal Constitutional Violations," and "Motion for Safeguard of Constitutional Rights" are hereby DENIED.

In light of petitioner's lack of funds, the application to proceed in forma pauperis is GRANTED.

This order terminates Docket Nos. 2, 6, 9, 17, 19, 24 and 28, and any other pending motions.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: December 11, 2006

_____
MAXINE M. CHESNEY
United States District Judge

2