IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD G. STINSON,<br><br>    Peititoner,<br><br>  v.<br><br>BOARD OF PRISON TERMS, et al.,<br><br>    Respondents. | No. C 06-3848 MMC (PR)<br><br>**ORDER DENYING PETITIONER'S MOTION TO REINSTATE PETITION**<br><br>**(Docket No. 32)** |

    Petitioner Edward G. Stinson, a state prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus on June 20, 2006, challenging the constitutional validity of his 2006 parole revocation hearing. (Docket No. 1.) He stated in the petition that, at the time of filing, his claims also were pending in a "Habeas Corpus Petition Review" before the California Supreme Court. (Pet. at 5.) On July 25, 2006, petitioner filed an amended petition naming additional respondents. (Docket No. 8.) In the amended petition he again stated that, at the time of filing, his claims were pending in a petition for review before the California Supreme Court. (Am. Pet. at 7.) In an order dated December 11, 2006, the Court dismissed the petition in its entirety as unexhausted. (Docket No. 30.) The dismissal expressly was without prejudice to petitioner's filing a new petition once all of his state court challenges were concluded and all of the claims exhausted.

    Now before the Court is petitioner's motion to reinstate the petition. (Docket No. 32.) He argues the Court erred when it dismissed the petition, because he informed the Court in a

1 letter sent on September 3, 2006 that his state remedies had been exhausted. (Docket No.
2 15). Attached to petitioner's motion is a copy of the California Supreme Court's denial of
3 his petition for review, dated July 26, 2006. (Docket No. 32, Ex. A.)

4 Petitioner filed his motion within ten days of the entry of judgment; the Court thus
5 construes the motion as a timely motion for reconsideration under Rule 59(e) of the Federal
6 Rules of Civil Procedure.[1] See American Ironworks & Erectors, Inc. v. North American
7 Construction Corp., 248 F.3d 892, 898-99 (9th Cir.2001) (holding motion for reconsideration
8 is treated as Rule 59(e) motion if filed within ten days of entry of judgment; if not so filed,
9 motion is treated as Rule 60(b) motion). A motion to alter or amend judgment under Rule
10 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is
11 presented with newly discovered evidence, committed clear error, or if there is an intervening
12 change in the law." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)
13 (internal quotation and citation omitted).

14 Petitioner does not argue that newly discovered evidence or an intervening change in
15 the law requires the petition to be reinstated. His claim is that the Court erred because the
16 petition, although unexhausted at the time of filing, had been exhausted by the time the Court
17 dismissed the petition. This contention is without merit. "'The appropriate time to assess
18 whether a prisoner has exhausted his state remedies is when the federal petition is filed, not
19 when it comes on for hearing in the district court . . . .'" Gatlin v. Madding, 189 F.3d 882,
20 889 (9th Cir. 1999) (quoting Brown v. Maass, 11 F.3d 914, 915 (9th Cir. 1993)). Where a
21 petitioner exhausts after filing, his remedy is to plead exhaustion in a subsequent petition. Id.

22 Here, it is undisputed that both the original and amended petitions were unexhausted
23 at the time of filing. Consequently, the action is subject to dismissal as a matter of law. See

---

[1] Petitioner delivered his motion to prison officials for mailing on December 20, 2006. (See Docket No. 32.) Under the "mailbox rule," the motion's filing date is the same as the mailing date, which in this case was nine days after the entry of judgment. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding pro se prisoner's notice of appeal is deemed filed on date of its submission to prison authorities for mailing to court); Schroeder v. McDonald, 55 F.3d 454, 459 (9th Cir. 1995) (holding Houston rule applies to filing of Rule 59(e) motions).

Rose v. Lundy, 455 U.S. 509, 510 (1982) (holding, where available state remedies have not been exhausted as to all claims, district court must dismiss petition).[2]

Accordingly, the motion for reconsideration is hereby DENIED.

This order terminates Docket No. 32.

IT IS SO ORDERED.

DATED: July 26, 2007

MAXINE M. CHESNEY
United States District Judge

---

[2] After exhausting his state remedies, petitioner filed a new petition challenging his 2006 parole revocation hearing; that petition currently is pending before the Court. (Stinson v. Board of Prison Terms, C 07–0282 MMC (PR)).